HERMINA SCHUSSLER and Another, Plaintiffs, *v.* ALLETS REALTY Co., INC., Defendant.

City Court of New York, New York County, March 3, 1930.

*Isidor Neustaedter*, for the plaintiffs.

*Jacob Ansbacher*, for the defendant.

STEUER, J. The parties entered into a lease dated March 12, 1924, for a term beginning April 1, 1924, and ending March 30, 1929, by which the plaintiffs were tenants and the defendant

landlord. In May of 1924 an action was brought in the Municipal Court by the landlord against the tenant upon the lease, in which action the tenant set up a counterclaim, and the case was settled by a stipulation upon the record, which modified the lease. No question was raised in this action as to whether this modification came within the Statute of Frauds. By the terms of the modification the rent beginning May 1, 1924, was reduced by one-half of the rent reserved under the lease. The tenants agreed that they would vacate the premises upon one week's written notice from the landlord advising them that the premises had been leased to another tenant. The stipulation contained this further term: " It is covenanted and agreed, however, that anything hereinbefore to the contrary notwithstanding, that the tenants' liability under the said lease is not in anywise limited or abridged except to the extent that the said rent reserved is reduced until the said premises shall have been leased to another, and the liability of the tenants after such leasing to another tenant remains under the said lease in full force and effect." The defendant gave notice in writing pursuant to the terms of this stipulation for the plaintiffs to leave the premises on July first, and the plaintiffs complied with its terms. A new lease had been made for $250 more per year for the balance of the term with another concern. According to the terms of the new lease, the new tenant was only required to pay rent from the time possession was given it of the premises. Certain repairs were also provided to be made by the landlord, and the rent actually commenced on September 15, 1924. Plaintiffs bring this action for a return of the deposit paid by them under the lease, the term of their lease having been ended, and there having been apparently no default in rent or otherwise by the new tenant. The amount of this deposit is $1,541.67. The plaintiffs also claim the difference in rent from their rent to the rent provided in the new lease, amounting to $1,166.66, making a total claim of $2,708.33. The defendant claims as a counterclaim rent for the period during which repairs were being made; that is, from the period that the premises were evacuated pursuant to the defendant's notice and the time when the new tenant commenced paying rent pursuant to its lease. This amounts to $1,927.08. The defendant claims the rent due from July 1, 1924, to September 15, 1924, the period that the premises were unoccupied under the circumstances above set forth. This amounts to $1,927.14. Defendant further claims as a setoff the amount paid for the repairs, which it claims were made necessary by the new lease. The reasonable value of those repairs more than equaled any balance between the plaintiff's claim and the amount of the rent. The defendant further claims that the

plaintiff is entitled, if to anything, only to the excess of rent from September 15, 1924, instead of from July 1, 1924, which would reduce plaintiff's claim by $41.67. Justification for any of these claims must be found in the lease as modified by the stipulation.

Clearly the plaintiffs are entitled to the return of their deposit. Clause 8 of the lease provides in conventional language that if the premises become vacant the lease shall terminate and end, and that the landlord may relet the premises as agent for the tenants and receive the rent, applying it to the payment of its expenses in re-entering, and then to the payment of the rent due, and that any balance shall be paid to the tenants, who are to remain liable for any deficiency. Does this clause give plaintiffs a right to recover the excess in rent? I believe not. The clause intends to provide for a situation where the premises become vacant by fault of the tenants and not under the conditions provided for in the stipulation. The stipulation is for the relief of the tenants, and nothing in it shows any intention that the balance of the new lease is to be paid over to the tenants. As to the defendant's claim for rent during the period that the premises were vacant, the condition of vacancy was brought about by the landlord giving notice. The stipulation provides that the notice to be given is that the premises have been leased to another tenant. This would imply that the lease and the payment of rent thereunder were to commence upon the expiration of the time provided for in the notice. Any other construction would be manifestly unfair to the tenants, as their liability commences from such second lease for the full amount of the rental specified in their lease without the benefit of the reduced rental provided for in the stipulation. If the intention of the parties was that the premises could remain vacant during the pleasure of the landlord after giving such notice, that should have been provided for. Failing such provision, it is clear that the landlord waived the rent from the new tenant for the period from July first to September fifteenth, and it cannot now go behind the notice given pursuant to the stipulation, which notice is only permitted to be given if, in fact, it had made another lease. I find no warrant either in the lease or the stipulation allowing the landlord to charge the tenant for the repairs made. It might be entitled to its expenses for re-entering, or possibly for its expenses in restoring the premises to the same condition in which they were when leased to defendant, but nothing anywhere gives it any right to charge for these repairs which come under neither of the above classifications.

Verdict for the plaintiffs for $1,541.67, with interest from March 30, 1929, $74.70. Ten days' stay and thirty days to make a case.